IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ
and MYRNA DIAZ,

                    Plaintiffs,

    vs.                                          CIVIL NO.   00-735 SC/LFG

THE PAUL J. KENNEDY
LAW FIRM et al.,

                    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISQUALIFY MAGISTRATE JUDGE

THIS MATTER is before the Court on Plaintiff Carlos Diaz and Myrna Diaz's pro se Motion to Chief Judge Conway to Disqualify Magistrate Judge Lorenzo F. Garcia [Doc. 15] from this case. No response is necessary, and for the reasons herein set out, the Diaz' motion is denied.

### Preliminary Matter

Plaintiffs' motion to disqualify the magistrate judge is directed to the district's Chief Judge, the Honorable John E. Conway.  However, the Chief Judge is not assigned to this case.  The assigned Article III judge is Senior District Judge Santiago E. Campos.  In any event, when an affidavit to disqualify a judge is filed, the judge sought to be disqualified must first pass on the sufficiency of the affidavit, compliance with the statute and timeliness of the filing.  Hall v. Burkett, 391 F. Supp. 237, 240 (W.D. Okla. 1975).

Plaintiffs do not indicate the statutory basis for their motion.  It appears, however, that their contention that the undersigned judge, by virtue of the fact that he is a licensed attorney and that the underlying lawsuit is against attorneys, is attempting:

> To hold the Plaintiffs in a condition of involuntary servitude in violation of the U.S. Constitution.  Judge Garcia has engaged in illicit restraining tactics to deny the Plaintiffs due process of law and the equal protection of the laws, a condition of outlawry, which supports the conditions of involuntary servitude.   These conditions of involuntary servitude have been brought about by the state courts of New Mexico and licensed lawyers in New Mexico who have violated the Sherman Act and New Mexico Anti-trust Laws.

(Motion, p. 1, ¶ 1).

The thrust of Plaintiffs' motion is that at a Rule 16 hearing, "this Magistrate Judge became an attack dog, going on the attack of these non-lawyer Plaintiffs from the minute the meeting was convened," and "showed so much bias and prejudice toward the non-lawyer pro se Plaintiffs . . . ."

Plaintiffs contend that the judge's conduct in this case was similar to that of:

> . . . three New Mexico state courts aiding and abetting a conspiracy to violate Plaintiff's [sic] civil and constitutional rights and now Plaintiff's [sic] have to come into this court, supposedly the guardian court of constitutional rights and be subjected to the same type of treatment which is no less than an act of seditious conspiracy . . . .

(Motion, p.2, ¶ 4.)

The actual, factual basis for the motion is that the judge permitted the parties to give their version of the events, and that it:

> . . . permit[ed] defendant lawyer Paul Kennedy to state unequivocally in this Rule 16 meeting that this case arose out of a criminal case where Plaintiff's [sic] were guilty of a crime, when no trial has been conducted, and then not objected to by Magistrate Judge Garcia, [as] an unparalleled act of overt prejudice placing Plaintiff's [sic] in a further condition of involuntary servitude.

(Motion, p.2, ¶ 5).

This alleged "illegal if not fraudulent activity" is claimed to be a violation of the Plaintiffs' constitutional due-process rights and a violation of the rules of professional conduct.

Plaintiffs further allege:

> Magistrate Judge Garcia rather than assuming his proper role of a judge managing and expediting a case file[d] under FRCP Rule 16, assumed the role of just another "lawyer in the room" coming to the defense of his fraternity-brother-lawyer defendant in the room who was present because of predicate acts committed under Title 18, U.S.C., as outlined in the Complaint.

Plaintiffs contend that the judge's action was "an appalling spectacle of unrestrained show of force by a special interest dominant lawyer culture rather than impartial justice in the America judicial system."

Plaintiffs allege that the judge's conduct was similar to treatment received at the hands of other judges in other Rule 16 conferences.  (Motion p.4, ¶ 10).

Finally, Plaintiffs contend that the judge, in collusion with the Defendants in this case, is obstructing justice and aiding and abetting in a conspiracy.

## **Analysis**

There are two statutory provisions relating to bias or prejudice of the judge and the disqualification process.  First, U.S.C. 28 § 144 provides a procedure to remove a judge for bias or prejudice.  This section requires a party to timely file a sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party.  The affidavit is to state the facts and reasons for the belief that bias or prejudice exists, and is to be filed not less than ten days before the beginning of the terms at which the proceeding is to be heard.  A party may file only one affidavit.

When an affidavit to disqualify a judge under 28 U.S.C. § 144 is filed, the judge who is sought to be disqualified must first pass on the sufficiency of the affidavit, compliance with the statute and

timeliness of the filing.  Hall v. Burkett.  Here, Plaintiffs' request to disqualify the magistrate judge

is insufficient as a matter of law.  First, U.S.C. 28 § 144 is to be construed strictly against the affiant.

Hinman v. Rogers, 831 F.2d 937 (10th Cir. 1987).  With this strict construction requirement, the

Court notes that Plaintiffs did not file an affidavit at all as required by Section 144, but, rather, simply

filed a motion without oath or affirmation.  Thus, the pleading does not satisfy the strict construction

requirements of the law.

Second, the filing of an affidavit does not serve to automatically disqualify a judge.  United

States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976); Hall v. Burkett.  Rather, upon the filing of the

affidavit, the judge must determine its sufficiency, but must further restrict his review of the affidavit

to legal sufficiency and must not consider the truth of the allegations.  However, there must be facts

to establish personal bias.

Plaintiffs' assertions are, at best, unsupported conclusory statements lacking any detail or

factual predicate.  Moreover, each assertion of alleged facts deals with the judge's alleged conduct

in a judicial proceeding, and not from any extra judicial source.  It is clear that the judge's bias and

prejudice must have some extra judicial nexus.  It is insufficient that a litigant simply be dissatisfied

with the judge's performance or rulings in a particular case.  Green v. Branson, 108 F.3d 1296, 1305

(10th Cir. 1997).

Third, in addition to the procedure for removal of a judge under Section 144, there exists

another disqualification provision under federal law.  U.S.C. 28 § 455 provides an alternative

disqualification process.  Under this statute, a justice, judge or magistrate is required to disqualify

himself in various enumerated circumstances outlined under Section 455(b).  None of those

circumstances exist in this case.  Additionally, Section 455(a) requires a justice, judge or magistrate

to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. While Plaintiffs may harbor some perception that there is a vast lawyer conspiracy, there is certainly no factual predicate in the pleading to substantiate their conclusions that the magistrate's impartiality might reasonably be questioned.

Just as there is a duty for a judge to recuse when there exists a constitutional or statutory reason, there is an equally compelling duty for a judge to hear and to decide a case when no constitutional or statutory reason has been provided that would compel recusal. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).

The Court, therefore, determines that Plaintiffs failed to comply with the requirements of 28 U.S.C. § 144; that there exists no constitutional or statutory basis for the undersigned judge to recuse; and, therefore Plaintiffs' request to compel disqualification is denied.

_____
Lorenzo F. Garcia
United States Magistrate Judge