IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ and MYRNA DIAZ,

        Plaintiffs,

vs.                                                     CIVIL NO.   00-735 SC/LFG

THE PAUL J. KENNEDY LAW FIRM et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on the Plaintiffs' Renewed Motion to Disqualify Magistrate Judge Lorenzo Garcia Under Title 28 Section 255, Violation of Oath of Office and Seditious Conspiracy [Doc. 24], which the Court interprets as a motion for reconsideration. No response is necessary.

The Federal Rules of Civil Procedure do not recognize motions for reconsideration. <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243-44 (10th Cir. 1991). A litigant should be afforded an opportunity, consistent with the rules of practice and procedure, for a full and fair presentation of a claim, defense or legal position. Once that opportunity is afforded, the rules simply do not permit a dissatisfied party to resurrect rejected arguments. To permit the proverbial "second bite at the apple" injects inequity into legal proceedings, <u>United States v. Lopez</u>, 576 F.2d 840 (10th Cir. 1978), increases the costs of proceedings, and contributes to delay.

However, when an error occurs as a result of the Court's misunderstanding of the facts or misapplication of the law, a party may properly seek relief pursuant to Fed. R. Civ. P. 59 or 60. Here,

nothing in Plaintiffs' motion for reconsideration convinces the Court that it misunderstood the facts or misapplied the law. Rather, Plaintiffs do nothing more than advance arguments which the Court previously considered and soundly rejected. Accordingly, Plaintiffs' motion for reconsideration is denied.

                                                _____
                                                Lorenzo F. Garcia
                                                United States Magistrate Judge