IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS DIAZ and MYRNA DIAZ,

      Plaintiffs,

vs.

THE PAUL J. KENNEDY LAW
FIRM, PAUL J. KENNEDY and
MARY Y.C. HAN, Individually,
Jointly and Severally,

      Defendants.

No. CIV 00-0735 PK/LFG

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of (1) Defendants' Motion to
Dismiss or for Summary Judgment, filed August 11, 2000 (Doc. 16); (2)
Plaintiffs' Motion to Chief Judge for Judgment Order for Appeal, filed September
25, 2000 (Doc. 32); and (3) Plaintiffs' Objection to Order to Stay Discovery,
filed September 25, 2000 (Doc. 33).  The court, having read the motions,
memoranda, and exhibits submitted by the parties, and being apprised of the
applicable law, concludes that Defendants' motion is well taken and should be
granted.  All other motions will be denied.

## Background

This action arises out of an attorney-client relationship between Plaintiffs

and Defendants.  Jurisdiction is pursuant to 28 U.S.C. § 1331 (original jurisdiction over federal questions) and § 1367(a) (supplemental jurisdiction). Plaintiffs allege two federal law claims in their complaint: (1) conspiracy to violate Plaintiffs' civil rights under 18 U.S.C. § 241, and (2) violations of the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"). Plaintiffs also bring nine state law "claims:" legal malpractice, breach of contract, negligent misrepresentation, indemnification, fraudulent misrepresentation and/or fraudulent concealment of material facts, extortion and/or threat of extortion, unjust enrichment, intentional infliction of emotional distress, and punitive damages.

Plaintiffs each were indicted in November 1997 in the Second Judicial District Court for the State of New Mexico on charges of aggravated battery, conspiracy, and tampering with evidence, with possible firearm enhancements. The two criminal cases were joined by the state trial court for pre-trial and trial purposes.  Plaintiffs allege they acted in self-defense.

Plaintiffs discharged two other attorneys before retaining Defendants in or about October 1999.  Both Defendants Han and Kennedy are members of Defendant The Paul J. Kennedy Law Firm (a/k/a Kennedy & Han).  Defendants Han and Kennedy are licensed to practice law only in the State of New Mexico. Defendant Han was retained to defend Plaintiff Myrna Diaz and Defendant Kennedy was retained to defend Plaintiff Carlos Diaz.  There is no evidence of

any written attorney-client agreement between the parties. Defendants charged Plaintiffs a flat fee of $15,000, or $7,500 each. While Defendants allege that they actively represented Plaintiffs, informing Plaintiffs of the progress of their cases, investigating defenses, and filing motions, Plaintiffs allege that Defendants did not communicate with them for a period of over 140 days and that letters from them to Defendants went unanswered. Plaintiffs further allege that Defendants failed to advise them of a New Mexico case, New Mexico v. Ulibarri, 994 P.2d 1164 (N.M. Ct. App. 1999), aff'd, 997 P.2d 818 (N.M. 2000), under which their cases could be dismissed without prejudice. Plaintiffs also allege, inter alia, that Defendants' conduct prevented them from having their cases presented to a jury and decided on the merits.

Defendants obtained from the assistant district attorney what they believed to be highly favorable plea offers, in which the State offered to dismiss all charges against Plaintiff Myrna Diaz and to allow Plaintiff Carlos Diaz to plead guilty to misdemeanors and avoid incarceration. Defendants transmitted these plea offers to Plaintiffs more than once, including by letter dated February 18, 2000. Defendants informed Plaintiffs that, in their professional judgment, they recommended acceptance of the plea offers. The letter continued:

> It is our understanding that you do not wish to accept the foregoing plea offer. That is certainly your right and you are entitled to go to trial on these matters. However, we do not want to hear any complaints from you if the verdict is adverse to you and you both have to serve time.

Doc. 17, Ex. F at 1.  No mention was made of <u>Ulibarri</u> in the letter.  Defendants allege that, as a strategic legal decision, they refrained from filing motions to dismiss under <u>Ulibarri</u> because (1) they were given to understand that the plea offers would be withdrawn and (if the motions were granted) Plaintiffs would be re-indicted, and (2) the motions could be filed as late as the morning of trial.

By letters dated February 18 and 23, 2000, Plaintiffs discharged Defendants.  Defendants filed motions to withdraw, which were scheduled for hearing before the state trial court on March 13, 2000.  Unbeknownst to Defendants, Plaintiffs filed <u>pro se</u> motions to dismiss pursuant to <u>Ulibarri</u>.  At the March hearing, on the trial court's instruction, Defendant Kennedy argued Plaintiffs' <u>Ulibarri</u> motions.  The trial court dismissed the charges against Plaintiffs without prejudice and concluded that this ruling rendered Defendants' motions to withdraw moot.  Plaintiffs subsequently were re-indicted on the charges and the charges are currently pending.

<u>Discussion</u>

Defendants seek dismissal or summary judgment on all of Plaintiffs' claims.  Because Defendants rely upon evidentiary materials outside the complaint, the court will treat the motion as one for summary judgment.  Fed. R. Civ. P. 12(b).  Plaintiffs contend in their complaint that their pleadings are filed <u>in propria persona</u>, and thus are to be considered without regard to technicalities and not held to the same standard as pleadings filed by attorneys.

-4-

I.    Legal Standards

    A.  Summary Judgment    A motion for summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  When ruling on a motion for summary judgment, a court must construe the facts in the light most favorable to the non-movant.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 557 (1986).  The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  The moving party bears the initial burden "of informing the district court of the basis for its motion, and identifying" any materials in the record demonstrating the absence of a genuine issue of material fact, though the movant is never required to negate an opponent's claim.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Then the burden shifts to the non-movant to come forward with evidence showing that there is a genuine issue of material fact under Rule 56(e), or to explain why he cannot do so under Rule 56(f).  United States v. Simons, 129 F.3d 1386, 1388 (10th Cir. 1997); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  "Conclusory allegations made by a non-movant will not suffice."  Simons, 129 F.3d at 1388 (citation omitted).  Nor may the non-movant "rest upon the mere allegations or denials of his pleading[s]" to avoid summary

judgment.  <u>Anderson</u>, 477 U.S. at 248 (internal quotations and citation omitted);
<u>see also</u> Fed. R. Civ. P. 56(e).  Relevant, "sufficient evidence . . . must be
identified by reference to an affidavit, a deposition transcript, or a specific
exhibit incorporated therein."  <u>Simons</u>, 129 F.3d at 1389 (internal quotations and
citation omitted).

>    B.  Pro Se Litigants

 The pleadings of non-lawyers proceeding <u>pro se</u> are to be liberally
construed.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).  Despite
this rule of liberal construction, <u>pro se</u> litigants are bound by the same rules of
procedure as other litigants.  <u>Green v. Dorrell</u>, 969 F.2d 915, 917 (10th Cir.
1992).  Furthermore, a court is not to "supply additional factual allegations to
round out a plaintiff's complaint or construct a legal theory on a plaintiff's
behalf."  <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II.    <u>Defendants' Motion</u>

>    A.  Preliminary Issues

Plaintiffs allege in Count VI of their complaint that Defendants committed
extortion and threatened extortion and in Count IX (mislabeled Count X) that
Defendants' conduct was a conspiracy to violate their civil rights, in violation of
18 U.S.C. § 241.  Defendants contend that there is no civil cause of action for
extortion or for conspiracy in violation of 18 U.S.C. § 241.  Plaintiffs respond
that while the extortion and conspiracy counts were outlined as separate counts, it

was their intent to incorporate both counts into the racketeering count.

Section 241 is a criminal statute and does not provide for a civil cause of action.

Defendants are also correct that there is no private cause of action for extortion

under New Mexico law.  See Lopez v. Garcia, 1 F. Supp. 2d 1404, 1406 (D.N.M.

1997).  As claims in and of themselves, Counts VI and IX (mislabeled X) are

untenable as a matter of law.  However, in acknowledgment of Plaintiffs' non-

lawyer pro se status, the court will construe the allegations within Counts VI and

IX (mislabeled X) as allegations underlying Count X, federal racketeering.

        B.  RICO Claim

        Incorporating their factual summary of allegations and the previous counts

of their complaint, Plaintiffs allege in Count X of their complaint that the actions

of Defendants violated RICO, 18 U.S.C. §§ 1961-1968.[1]  Specifically, Plaintiffs

allege that Defendants committed the predicate acts of fraud, extortion,

conspiracy, mail fraud, and conspiracy to violate rights with the intent to cause

Plaintiffs personal, professional, and financial harm.

        RICO creates a civil cause of action for "[a]ny person injured in his

business or property by reason of a violation of section 1962 . . . ."  18 U.S.C. §

_____

        [1] In their complaint, Plaintiffs cite 18 U.S.C. §§ 1961-1964 and N.M. Stat.
Ann. §§ 30-42-1 et. seq. as the legal basis for their racketeering claim. The state
law basis for Plaintiffs' racketeering claim was not discussed by either party and
appears to have been abandoned by Plaintiffs. However, the analysis of such a
claim would follow the analysis of the claim under RICO, as New Mexico's
racketeering law generally mirrors the federal law.

1964(c).   There are four types of civil RICO violations under § 1962.

Subsections 1962(a), (b), and (c) are substantive provisions, while § 1962(d)

concerns conspiracy.  Plaintiffs fail to indicate in their complaint which

subsection or subsections of § 1962 Defendants allegedly violated.  Even

construing Plaintiffs' complaint liberally as alleging violations of all four

subsections, Plaintiffs have failed to carry their summary judgment burden as to

any of the four possible bases for liability.

RICO claims under § 1962(a), (b), or (c) require a plaintiff to prove the

existence of  a "pattern" of "racketeering activity" conducted by, or in some way

related to, an "enterprise" affecting interstate or foreign commerce, which caused

the plaintiff injury to his business or property.  §§ 1962, 1964(c).  A claim under

§ 1962(d), conspiracy to commit a § 1962(a), (b), (c) offense, requires a showing

of the existence of a conspiracy and the commission of an overt act in furtherance

of the conspiracy that causes injury to the plaintiff.  See Beck v. Prupis, 529 U.S.

494, 505-06 (2000); see also 18 U.S.C. §§ 1962(d), 1964(c).  The overt act

underlying a § 1962(d) conspiracy claim must be an act of racketeering or

otherwise wrongful under RICO.  Beck, 529 U.S. at 505.

Plaintiffs have failed to prove, let alone plead, that Defendants committed,

or conspired to commit, an act of racketeering.  Section 1961(1) contains an

exhaustive list of "racketeering" acts, also known as "predicate acts."  Id. at 497

n.2.  Because that list does not include plain state law fraud, conspiracy, or

conspiracy to violate rights, these alleged acts cannot be predicate acts in support of Plaintiffs' RICO allegation.

While extortion and mail fraud are considered "racketeering" acts under § 1961(1), Plaintiffs have failed to prove, let alone adequately plead, that Defendants engaged in such conduct.  Felony extortion under New Mexico law requires "communication or transmission of any threat to another . . . with intent thereby to wrongfully obtain anything of value or to wrongfully compel the person threatened to do or refrain from doing any act against his will."  N.M. Stat. Ann. § 30-16-9 (Michie 1994 Repl. Pamp.).  Plaintiffs allege in their complaint that after they dismissed Defendants and demanded return of the $15,000 fee, they received a letter from Defendants threatening that if they persisted in dismissing Defendants as counsel, they could not avoid a March 2000 trial date and would likely face prison terms.  Defendants deny that they threatened Plaintiffs or that they did so with the intent to obtain something of value or to compel Plaintiffs to act against their will.  Defendants attach as exhibits, inter alia, a February 18, 2000, letter they sent Plaintiffs and copies of their motions for leave to withdraw, filed on February 22 and 25, 2000.  It is unclear whether the February 18 letter is the letter to which Plaintiffs refer. However, the materials submitted by the Defendants do not support Plaintiffs' allegations of extortion and the Plaintiffs submitted no summary judgment evidence with their response.

Mail fraud must be pled with particularity, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.  Mail fraud is committed when the mails are used to further a scheme to defraud or obtain money or property through false pretenses, representations, or promises.  BancOklahoma Mortgage Corp. v. Capital Title Co., 194 F.3d 1089, 1102 (10th Cir. 1999).  Plaintiffs' complaint reveals only one alleged mailing from Defendants – the letter that was the basis of Plaintiffs' extortion claim.  As stated above, this letter may or may not be the February 18, 2000, letter Defendants mailed Plaintiffs.  Plaintiffs have failed to submit a copy of the allegedly fraudulent mailing or any other summary judgment evidence tending to show that Defendants committed mail fraud.  Nor do the materials submitted by the Defendants support Plaintiffs' allegations of mail fraud.

There is a lack of a genuine, triable issue of material fact regarding the RICO claim.  Plaintiffs have failed to establish that Defendants engaged in "racketeering activity" or conspired to commit a racketeering act, as there is no evidence that Defendants committed any of the predicate acts listed in 18 U.S.C. § 1961(1).  See BancOklahoma, 194 F.3d at 1103; see also 18 U.S.C. § 1961(5) (providing that in order to allege a pattern of racketeering activity, a plaintiff must allege at least two predicate acts within a ten-year period); Beck, 529 U.S. at 505, 507 (holding that the overt act underlying a § 1962(d) conspiracy claim must be an act of racketeering or otherwise wrongful under RICO).  The lack of a

-10-

showing regarding the commission of predicate racketeering acts makes it unnecessary for the Court to analyze the "pattern," "enterprise," or "injury" elements of Plaintiffs' § 1962 claim(s).  Summary judgment will be granted as to Count X, federal racketeering.

C.  State Law Counts

The conspiracy and RICO claims, which are no longer before the court, were the sole bases for the court's original jurisdiction.  Consequently, pursuant to 28 U.S.C. § 1367(c)(3), the court could decline to exercise jurisdiction over the state law claims, dismissing them without prejudice to refiling in state court. However, in the interest of judicial economy, the court will exercise its supplemental jurisdiction in this case.

The court already has rejected Plaintiffs' state law extortion claim (Count VI), as discussed above.  Plaintiffs' indemnification claim (Count IV) also must be rejected.  Plaintiffs have provided no legal or factual basis for the claim, and it appears to be a restatement of their request for damages.  Additionally, as discussed below, Plaintiffs' claims for legal malpractice (Count I), breach of contract (Count II), negligent misrepresentation (Count III), fraudulent misrepresentation and/or fraudulent concealment of material facts (Count V), unjust enrichment (Count VII), intentional infliction of emotional distress (Count VIII), and punitive damages (Count XI) all fail because there are no material facts in dispute as to these claims and Defendants are entitled to judgment as a

matter of law.

In Count I, Plaintiffs allege that Defendants committed legal malpractice in their representation of Plaintiffs.  To prove legal malpractice, Plaintiffs must show that: (1) they employed Defendants as attorneys, (2) Defendants neglected a reasonable duty, and (3) Defendants' negligence resulted in and was the proximate cause of Plaintiffs' alleged loss.  See Rancho del Villacito Condominiums, Inc. v. Weisfeld, 908 P.2d 745, 748-49 (N.M. 1995).  Only elements two and three are contested.  Demonstration of neglect requires a plaintiff to "show, usually through expert testimony, that his or her attorney failed to use the skill, prudence, and diligence of an attorney of ordinary skill and capacity."  Id. at 749 (internal quotations and citation omitted).  Defendants have submitted exhibits, including an affidavit of a criminal defense attorney, Billy Ray Blackburn, tending to show that Defendants did not neglect a reasonable duty to Plaintiffs or fail to use the required skill, prudence, or diligence.  Plaintiffs have submitted no evidence on this essential element, therefore, summary judgment is warranted and the court need not reach the issue of whether the element of proximate cause has been met.  Summary judgment will be granted as to Plaintiffs' legal malpractice claim (Count I).

Plaintiffs' claims for Breach of Contract, Negligent Misrepresentation, and Fraudulent Misrepresentation and/or Concealment of Material Facts reiterate Plaintiffs' allegations that Defendants failed to provide them with adequate legal

services.  Defendants' exhibits tend to show that they provided Plaintiffs with the legal services orally contracted for and that they did not negligently or fraudulently misrepresent or conceal any material facts concerning Plaintiffs' cases.  Because Plaintiffs have produced no evidence in response, there is no evidence of Defendants' intent to defraud Plaintiffs or to disregard their contractual obligations.  Nor is there any evidence that Defendants' conduct in representing Plaintiffs was intended to deceive Plaintiffs or that it proximately caused Plaintiffs any injury.  Any failure by Defendants to inform Plaintiffs of the possibility of a dismissal of their cases without prejudice pursuant to Ulibarri is immaterial because (1) it was Defendants' understanding that filing such motions would not assist Plaintiffs, as any plea agreement opportunities would vanish and Plaintiffs would be re-indicted, and (2) Plaintiffs were aware of Ulibarri.  Furthermore, "it could be urged, with a good deal of logic, that [Defendants] would have been remiss in [their] duty" or contractual obligations if in February 2000 they had filed motions to dismiss Plaintiffs' cases without prejudice under Ulibarri.  Walters v. Hastings, 500 P.2d 186, 191 (N.M. 1972).  Summary judgment, therefore, will be granted as to Plaintiffs' breach of contract (Count II), negligent misrepresentation (Count III), and fraudulent misrepresentation and/or concealment of material facts (Count V) claims.

To prevail on their unjust enrichment claim, Plaintiffs must show that: "(1) [Defendants have] been knowingly benefitted at [Plaintiffs'] expense (2) in a

-13-

manner such that allowance of [Defendants] to retain the benefit would be unjust." Ontiveros Insulation Co. v. Sanchez, 3 P.3d 695, 698 (N.M. Ct. App. 2000) (citation omitted). Defendants' retention of the retainer fee under these circumstances satisfies neither element of unjust enrichment. Cf. Walters, 500 P.2d at 192-93; Garrick v. Weaver, 888 F.2d 687, 691 (10th Cir. 1989). The summary judgment evidence tends to show that Defendants provided legal services to Plaintiffs and were not dismissed by Plaintiffs for cause. Plaintiffs have produced no summary judgment evidence that Defendants' representation of Plaintiffs was deficient, negligent, or otherwise constituted misconduct. Consequently, in retaining their fees, Defendants would not benefit at Plaintiffs' expense. Furthermore, the outcome sought by Plaintiffs, dismissal of the cases against them without prejudice, was achieved with the assistance of Defendants. Summary judgment, thus, will be granted as to the unjust enrichment claim (Count VII).

To prevail on their intentional infliction of emotional distress ("IIED") claim, Plaintiffs must show that Defendants' conduct was extreme and outrageous, that Defendants acted intentionally or recklessly, and that Defendants' conduct resulted in severe emotional distress. Coates v. Wal-Mart Stores, Inc., 976 P.2d 999, 1009 (N.M. 1999). The threshold for what is considered outrageous behavior is extremely high under New Mexico law. Jaynes v. Strong-Thorne Mortuary, Inc., 954 P.2d 45, 50 (N.M. 1997); Padwa v.

-14-

Hadley, 981 P.2d 1234, 1237-38 (N.M. Ct. App. 1999).  Plaintiffs have offered

no evidence tending to show that threshold was crossed or that the emotional

distress they suffered was severe and unreasonable under the circumstances.  See

Jaynes, 954 P.2d at 50.  Therefore, summary judgment will be granted as to

Plaintiffs' IIED claim (Count VIII).

Finally, the puntive damages claim also must be rejected.  First, "before a

plaintiff may recover punitive damages he or she must state a cause of action

under which he or she is entitled to actual, compensatory, or nominal damages . .

. ." Archer v. Roadrunner Trucking, Inc., 930 P.2d 1155, 1161 (N.M. 1996)

(emphasis in original).  Second, Plaintiffs point to no evidence that would

support the standard for punitive damages, that any "misconduct was malicious,

willful, reckless, wanton, fraudulent, or in bad faith."  Coates, 976 P.2d at 1009.

Therefore, summary judgment will be granted as to Plaintiffs' punitive damages

claim (Count XI).

NOW, THEREFORE, IT IS ORDERED that Defendants' Motion to

Dismiss or for Summary Judgment, filed August 11, 2000 (Doc. 16), is construed

as a motion for summary judgment and is granted.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Chief Judge for

Judgment Order for Appeal, filed September 25, 2000 (Doc. 32), and Plaintiffs'

Objection to Order to Stay Discovery, filed September 25, 2000 (Doc. 33), are

denied as moot.

DATED this 27th day of February 2001, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation

Counsel:

Carlos Diaz and Myrna Diaz, pro se.

Paul J. Kennedy and Mary Y.C. Han, Kennedy & Han, Albuquerque, New Mexico, pro se.